IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MALIN INTERNATIONAL SHIP § | |
| REPAIR & DRYDOCK, INC. § | |
| § | CIVIL ACTION NO. G-13-039 |
| v. § | |
| MODU PROSPECTOR, its apparel, § | |
| equipment, engines, freights, tackle, etc., § | |
| *in rem* and § | |
| PLANT RECOVERY COMPANY/ PRC § | |
| ENVIRONMENTAL, INC. § | |

## **REPORT AND RECOMMENDATION**

Before the Court, by referral from the Honorable Gregg Costa, is the "Motion to Dismiss" of Diamond Offshore Services Company (Diamond); the Motion seeks the dismissal of all claims asserted against Diamond by PRC Environmental, Inc. (PRC) in its counter-claim. The Motion is ripe for determination, therefore, this Court submits its Report and Recommendation to the District Judge.

Malin International Ship Repair & Drydock, Inc. (Malin) brought this suit against the MODU PROSPECTOR *in rem*, and PRC Environmental, Inc. to recover the alleged amounts due and unpaid by PRC for services and dockage provided for the rig by Malin. As the District Court knows, PRC was involved in a joint venture with the owner of the rig to convert it into a floatel, however, during the pendency of this case, the rig was sold by the United States Marshal. PRC's claim against Diamond, as this Court understands it, is that Diamond, by asserting the existence of a use restriction requiring the rig to be scrapped,

clouded its title, impairing its value, and caused the purchase price at the Marshal's sale to be grossly inadequate; as a result, the "credit" toward PRC's indebtedness to Malin, if any, was adversely affected.  PRC, therefore, seeks to recover that "lost credit" from Diamond.  In the opinion of this Court, PRC, which has never had an ownership interest in the rig, has no present standing to pursue its claim.

To establish standing PRC must satisfy three elements:  1) an injury in fact that is actual or imminent; 2) a causal connection between the injury and the conduct complained of; and 3) the likelihood that a favorable decision will redress the injury.  <u>Lujan v. Defender's of Wildlife</u>, 504 U.S. 555, 560 (1992)    These requirements assure that "there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party."  <u>Schlesinger v. Reservists Committee to Stop the War</u>, 418  U.S. 208, 221 (1974)

Whether PRC calls its underlying claim one to Quiet Title by Declaratory Judgment or to recover Damage to Personal Property, it is, in reality,  a claim for nothing more than tortious interference with its prospective role in the joint venture.  Unfortunately, for PRC, when the rig was sold the joint venture's plans to convert it came to an end.  As a consequence, the ability to successfully convert the rig to a floatel and the profitability of the joint venture are now only speculative.  While PRC's pleading, at this juncture, must be liberally construed, "allegations of injury that is merely conjectural or hypothetical do not suffice to confer standing."  <u>Little v. EPMG, LLP</u>, 575 F.3d 533, 540 (5th Cir. 2009) (<u>citing</u>

DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 344-46, 350 (2006)  In the absence of standing, this Court lacks subject matter jurisdiction to "exercise its power of judicial review" in this case over PRC's cause of action against Diamond.

It is, therefore, the **RECOMMENDATION** of this Court that the "Motion to Dismiss" (Instrument no. 74) of Intervenor, Diamond Offshore Services Company, be **GRANTED** and that all claims asserted by PRC against Diamond be **DISMISSED for lack of subject matter jurisdiction**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **Friday, March 28, 2014**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____7th____ day of March, 2014.

John R. Froeschner
United States Magistrate Judge

3